■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE JONES, Appellant.— Judgment insofar as it imposes sentence unanimously reversed, on the law, and matter remitted to Erie County Court for resentencing, and otherwise judgment affirmed. (See *People* v. *Wright*, 42 A D 2d 680.) (Appeal from judgment of Erie County Court convicting defendant of robbery, third degree.) Present — Goldman, P. J., Del Vecchio, Marsh, Moule and Simons, JJ.

■ THEODORE W. KRAUS, as Administrator of the Estate of THEODORA KRAUS, Deceased, et al., Respondents, v. FORD MOTOR COMPANY, Appellant. (Appeal No. 1.) — Judgment insofar as it awards the sum of $40,000 and interest on the cause of action for wrongful death unanimously reversed, on the law and facts, and a new trial granted on the issue of damages only, and otherwise judgment affirmed, without costs. Memorandum: We find no error on the issue of liability. However, the award of $40,000 in this wrongful death action is not supported by the record and could not have been reached upon any fair interpretation of the evidence. The proof shows that at the time of her death decedent was 66 years old and had done private duty nursing until about six months prior to the accident when she sustained a fall and stopped working due to a hip problem causing severe pain. She never worked again, but after hospitalization and treatment for the hip condition she improved and at the time of her death she was ambulatory, walking with no difficulty and doing her own shopping. Her son testified that she had considered the possibility of going back to work and was going to talk to the doctor about it, but there was no proof that she had sufficiently recovered from this condition to return to work. She maintained a room at her home for her son, who was her only survivor, and he frequently stayed there and ate meals which she prepared for him, but she was not supporting him. No evidence was offered either as to her past earnings or as to her prospective loss of earnings, and thus there was no proof of monetary loss from which a jury could in any way fairly compute pecuniary damages. (Appeal from judgment of Erie Trial Term in action for damages for wrongful death.) Present — Goldman, P. J., Del Vecchio, Marsh, Moule and Simons, JJ.

■ THEODORE W. KRAUS, as Administrator of the Estate of THEODORA KRAUS, Deceased, et al., Respondents, v. FORD MOTOR COMPANY, Appellant. (Appeal No. 3.) — Order unanimously modfified to grant a new trial on the cause of action for wrongful death, solely on the issue of damages, and to otherwise deny the motions of the Ford Motor Company. Same memorandum as in *Kraus* v. *Ford Motor Co.*, Appeal No. 1 (43 A D 2d 896, decided herewith). (Appeal from order of Erie Trial Term in negligence action.) Present — Goldman, P. J.; Del Vecchio, Marsh, Moule and Simons, JJ.